# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT PRIESTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07CV831 FRB |
| SARAH SEROT, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Robert Priester for leave to commence this action without prepayment of the filing fee. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff, who is currently civilly confined at St. Louis Psychiatric Rehabilitation Center (SLPRC), brings this action under 42 U.S.C. § 1983 for alleged false imprisonment against Sarah Serot. According to the exhibits attached to the complaint, Serot is the assistant public defender who was defending him against criminal rape charges brought by his daughter. Before trial, however, plaintiff was adjudicated to be incompetent to stand trial because he is a paranoid schizophrenic, which resulted in his placement at SLPRC. Plaintiff seeks monetary and injunctive relief.

## Discussion

A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). As a consequence, the complaint fails to state a claim against Serot under § 1983.

Additionally, the allegations in the complaint are duplicative of those made by plaintiff in Priester v. Nester, 4:07CV194 ERW (E.D. Mo., March 28, 2007), which was dismissed as frivolous. As a result, the instant complaint is legally frivolous. E.g., Aziz v. Burrows, 976 F.2d 1158, 1158-59 (8th Cir. 1992).

For these reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this __1st__ day of May, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE